UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUDY MARIE THOMPSON,

Plaintiff,

v.

MARCIA AND DICK LEAVITT, RODNEY GOLBERG, KATE FLEMING, DR. STEVEN LUTZWICK, DR. PAT RIDGELY, JOE DALAGER, PAULINE HALPENNY, TOM SAPONAS, KAY LIELKE, APPLE VALLEY POLICE DEPARTMENT, MIKE PRITZLOFF, DR. ROBERT RODDY, GEORGE MOORE, DAKOTA COUNTY,

Defendants.

Civil No. 01-1088 (DDA/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue Dakota County, the Apple Valley Police Department, and thirteen individual defendants, for allegedly violating her federal constitutional rights. Her claims are brought under 42 U.S.C. § 1983. She is seeking

FILED 6-28-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

$4,000,000 in damages, and "the right to see [her] son again."

Plaintiff alleges in her complaint that Defendants Marcia and Dick Leavitt and George Moore submitted false reports to Dakota Crisis Center for the purpose of getting her civilly committed. (The complaint does not indicate whether any action was taken on those alleged reports, or whether Plaintiff ever was, in fact, committed.) Plaintiff further alleges that Defendant Rodney Golberg "stalked and harassed" her and "electronically bugged" her apartment; and that Defendant Kate Fleming "perjured and defamed" Plaintiff's character.

It is also alleged that Defendants Dr. Steven Lutzwick, Dr. Pat Ridgely and Dr. Robert Roddy "intentionally mis-diagnosed" Plaintiff and forced her to take "neuroleptic drugs." Defendant Joe Dalager is an attorney who allegedly represented Plaintiff at her "final commitment hearing" and "did not give [Plaintiff] due process." Defendant Kay Lielke allegedly "had full knowledge of the false commitment and failed to take any action," and Defendant Tom Sapanos allegedly "used his political connections and his money to defame [Plaintiff]."

The complaint also alleges that Defendants Apple Valley Police Department, Mike Pritzloff, Pauline Halpenny, and Dakota County "knowingly and willfully abused the legal process."

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per

curiam).[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that the named defendants violated the plaintiff's federal constitutional rights while defendants were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In other words, the defendants must be "state actors." See Felder v. Casey, 487 U.S. 131, 141 (1988) (the central purpose of § 1983 "is to provide compensatory relief to those deprived of their federal rights by state actors").

In this case, eleven of the fifteen named Defendants have no apparent connection with any governmental authority. Nothing in the complaint suggests that any of those eleven Defendants -- Marcia and Dick Leavitt, Rodney Golberg, Kate Fleming, Dr. Steven Lutzwick, Dr. Pat Ridgely, Joe Dalager, Tom Saponas, Kay Lielke, Dr. Robert Roddy, and George Moore – are state actors. Therefore, Plaintiff has failed to plead an actionable § 1983 claim against any of those Defendants.[2]

The four remaining Defendants -- Apple Valley Police Department, Dakota County, Mike Pritzloff and Pauline Halpenny -- apparently are state actors who could be

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

[2] Even if some of these eleven Defendants were shown to be state actors, the current complaint would still fail to state an actionable § 1983 claim against any of them, because there are no factual allegations explaining how any of these Defendants allegedly violated Plaintiff's rights under the federal Constitution.

sued under § 1983.[3] However, the complaint fails to state an actionable claim against any of those four Defendants, because it includes no facts showing how any of those Defendants allegedly violated Plaintiff's constitutional rights.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Here, Plaintiff has not alleged any facts showing how any of the four potential state actor Defendants supposedly violated her constitutional rights. She has alleged only that "Apple Valley P.D., Mike Pritzloff, Pauline Halpenny and Dakota County knowingly and willfully abused the legal process." That conclusory allegation, being wholly unsupported by any allegations of historical facts, is not sufficient to state a § 1983 claim against any of the possible state actor Defendants.

Thus, the Court concludes that Plaintiff's present complaint does not state a legally cognizable § 1983 claim against any of the named Defendants. Because Plaintiff's complaint fails to state a cause of action on which relief may be granted, it will be recommended that Plaintiff's IFP application be denied, and that this action be

---

[3] Although Defendants Pritzloff and Halpenny are not clearly identified as state actors, they are mentioned in conjunction with two governmental parties -- Dakota County and the Apple Valley Police Department. (Complaint, [Docket No. 1], p. 5.) Because it could be inferred that Defendants Pritzloff and Halpenny might be associated with Dakota County or the Apple Valley Police Department, the Court will assume, for present purposes only, that Pritzloff and Halpenny are state actors.

summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 28, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.